IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DUANE L. GADBERRY, | ) |
| | ) |
|        Plaintiff, | )   Civil Case No. 08-314-KI |
| | ) |
|   vs. | )   OPINION AND ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |
| | ) |

Richard F. McGinty
P. O. Box 12806
Salem, Oregon 97309

       Attorney for Plaintiff

Kent S. Robinson
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Michael S. Howard
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

   Attorneys for Defendant

KING, Judge:

Plaintiff Duane L. Gadberry successfully brought an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's attorney, Richard McGinty, seeks attorney fees in the amount of $6,723.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

The parties stipulated to remand the case to the Commissioner after plaintiff filed his opening brief.  The parties agreed that a different administrative law judge needed to further develop the record and hold a de novo hearing.

The parties also agreed that plaintiff could pursue "reasonable attorney fees" under EAJA.

## LEGAL STANDARDS

EAJA provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the

government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

In addressing a petition for attorney fees, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  <u>Widrig v. Apfel</u>, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  Excessive, redundant or otherwise unnecessary hours should be excluded from an award.  <u>Hensley</u>, 461 U.S. at 434.

## DISCUSSION

Plaintiff seeks fees of $6,723.50 for 39.6 hours spent on the case.  In this amount of time, plaintiff reviewed the ALJ decision, discussed options with the client, prepared the complaint, issued the summons, reviewed the record, sought extensions of time to file an opening brief, drafted and finalized an opening memorandum, reviewed the Commissioner's motion to remand and the proposed order, and prepared his time for this petition.

The Commissioner does not make any argument on the "substantially justified" prong.  Instead, he objects to the fee petition on the basis that the amount requested is unreasonable.  Specifically, the Commissioner is concerned about the block billing for the four hours spent in "[r]eview of record and answer" and the five hours to "[c]ontinue review of record and answer," particularly since plaintiff's counsel then spent an additional 23.3 hours to "[r]eview record, start draft brief," "[f]inish draft memorandum," "[s]econd draft and finalize memorandum," and "[p]roof memo."  Pl.'s Mot. for EAJA Fees and Costs, Attorney Time Record at 1.  The Commissioner also argues that one hour to draft and file two motions for extensions of time is

unreasonable in that there is no evidence the motions were filed for any reason other than the attorney's workload.

The attorney seeking fees bears the burden of supporting his request. Hensley, 461 U.S. at 434. Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended. Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004). A court may reduce the requested fee to a reasonable amount in the event an attorney utilizes block billing. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

I reduce plaintiff's attorney's fee request by 10 hours to account for the block billing. Accordingly, plaintiff is entitled to $5,032.00 for attorney fees. Plaintiff does not seek costs.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for EAJA Fees and Costs (#26) is granted in part and denied in part. Plaintiff's attorney is entitled to an award of $5,032.00 for attorney fees.

IT IS SO ORDERED.

Dated this      15th      day of September, 2009.

       /s/ Garr M. King
       Garr M. King
       United States District Judge